NUMBER 13-09-00393-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

MYRON DENARD LEGER, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 252nd District Court

of Jefferson County, Texas.

 


 MEMORANDUM OPINION

 

Before Chief Justice Valdez and Justices Benavides and Vela


 Memorandum Opinion by Chief Justice Valdez
 Appellant, Myron Denard Leger, pleaded guilty to assault of a family member, a
third-degree felony. See Tex. Penal Code Ann. § 22.01(a)(1), (b) (Vernon Supp. 2009). 
On October 20, 2008, the trial court deferred a finding of guilt, placed Leger on community
supervision for five years, and ordered him to pay various fees, including a $750 fine and
$215 in court costs. The State filed a motion to revoke and on June 1, 2009, Leger
pleaded "true" to four allegations of violations of the terms of his community supervision. (1) 
The trial court adjudicated Leger guilty and sentenced him to ten years' imprisonment in
the Institutional Division of the Texas Department of Criminal Justice and ordered him to
pay $635 in court costs. This appeal ensued.

 Leger's appellate counsel, concluding that "there are no meritorious claims of
appeal," filed an Anders brief, in which he reviewed the merits, or lack thereof, of the
appeal. We affirm.

I. Anders Brief

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), Leger's court-appointed
appellate counsel has filed a brief with this Court, stating that his review of the record
yielded no grounds or error upon which an appeal can be predicated. Although counsel's
brief does not advance any arguable grounds of error, it does present a professional
evaluation of the record demonstrating why there are no arguable grounds to be advanced
on appeal. See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In
Texas, an Anders brief need not specifically advance 'arguable' points of error if counsel
finds none, but it must provide record references to the facts and procedural history and
set out pertinent legal authorities.") (citing Hawkins v. State, 112 S.W.3d 340, 343-44 (Tex.
App.-Corpus Christi 2003, no pet.)); Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex.
Crim. App. 1991). 

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), Leger's counsel has carefully discussed why, under controlling authority, there are
no errors in the trial court's judgment. Counsel has informed this Court that he has: (1)
examined the record and found no arguable grounds to advance on appeal, (2) served a
copy of the brief and counsel's motion to withdraw on Leger, and (3) informed Leger of his
right to review the record and to file a pro se response. (2) See Anders, 386 U.S. at 744;
Stafford, 813 S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d at 409 n.23. More
than an adequate period of time has passed, and Leger has not filed a pro se response. 
See In re Schulman, 252 S.W.3d at 409.

II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record and counsel's brief and have found
nothing that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824,
826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the
opinion that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of Texas Rule
of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. Accordingly, we affirm the
judgment of the trial court.

III. Motion to Withdraw

 In accordance with Anders, Leger's attorney has asked this Court for permission to
withdraw as counsel for appellant. See Anders, 386 U.S. at 744; see also In re Schulman,
252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex. App.-Dallas
1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must
withdraw from representing the appellant. To withdraw from representation, the appointed
attorney must file a motion to withdraw accompanied by a brief showing the appellate court
that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. 
Within five days of the date of this Court's opinion, counsel is ordered to send a copy of
the opinion and judgment to Leger and to advise him of his right to file a petition for
discretionary review. (3) See Tex. R. App. P. 48.4; see also In re Schulman, 252 S.W.3d at
412 n.35; Ex parte Owens, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006). 


 ________________________

 ROGELIO VALDEZ

 Chief Justice


 

Do not publish. 

Tex. R. App. P. 47.2(b)

Delivered and filed the 

25th day of March, 2010. 
1. Leger pleaded "true" to failing to report to the probation department, failing to work faithfully at
suitable employment, providing a urine sample that showed the presence of the metabolic by-product of
Phencyclidine, a controlled substance, and failing to provide verification of completion of community service.
2. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting
Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
3. No substitute counsel will be appointed. Should Leger wish to seek further review of this case by
the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review
or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty
days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. 
See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will
be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for
discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.